940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Robert HASTON, Plaintiff-Appellant,
v.
Gary DELAND, individually and in his capacity as Director of
the Department of Corrections, Blen Freestone, individually
and in the capacity as Medical Administrator of the Utah
State Prison, Richard Despain, individually and in his
capacity as Medical Administrator of the Utah State Prison,
Dr. Van Austin, individually and in his capacity as Prison
Psychiatrist of the Utah State Prison, Ben Christensen,
individually and in his capacity as Correction Supervisor of
the Utah State Prison, Shaun Darbro, individually and in his
capacity as Correctional Officer of the Utah State Prison,
Defendants-Appellees.
 No. 91-4044.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Haston, a state prisoner, filed a pro se action against various Utah officials under 42 U.S.C. Sec. 1983, claiming that he had been subjected to cruel and unusual punishment by virtue of his medical care. The district court, after referring the case to a magistrate judge, dismissed the action. Mr. Haston appeals pro se.
 
 
 3
 A review of the complaint reveals that Mr. Haston presented the prison officials with a letter from a Ph.D., which stated he might have an "affective disorder" and recommended that Mr. Haston be evaluated. Accordingly, Mr. Haston saw the prison psychiatrist, who prescribed the antidepressant drug Prozac. Two weeks later, the psychiatrist increased the dosage. About a week thereafter, Mr. Haston began having adverse reactions to the drug. Mr. Haston then requested treatment and a physician's assistant informed him that he was suffering an overdose reaction to Prozac. Bed rest was ordered and the prescribing physician then informed him that Prozac did not cause his problems. Mr. Haston was then evaluated by the prison's psychological department and they concluded Mr. Haston had no problems that warranted medication. Mr. Haston then filed this suit claiming cruel and unusual punishment by virtue of deliberate indifference to his medical needs.
 
 
 4
 The matter was referred to a magistrate judge who concluded Mr. Haston had, at best, stated a medical malpractice claim and had failed to show any facts that would rise to the level of deliberate indifference and recommended dismissal under 28 U.S.C. Sec. 1915(d). Mr. Haston filed objections alleging the defendants' action constituted deliberate indifference. The district court adopted the magistrate judge's report and recommendation and dismissed the action. (R.Vol. I, Doc. 7.)
 
 
 5
 On appeal Mr. Haston reiterates the facts and argues that prescribing an "un-needed and dangerous psychotropic medication" without first properly determining whether the medication was warranted amounts to deliberate indifference.
 
 
 6
 Mr. Haston is mistaken in his perception of the law as applied to the facts of this case. In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that medical malpractice toward a state prisoner does not give rise to a Sec. 1983 cause of action. In the Court's words, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment...." Id. Mr. Haston's complaint fails to show deliberate indifference, which generally is understood to mean that the prison officials purposefully failed to address his medical problems. In this case, the prison officials did address Mr. Haston's medical problems in a reasonably prompt fashion. Section 1983 provides no relief under the facts of this case.
 
 
 7
 Mr. Haston requests that we allow him to proceed with this appeal in forma pauperis. We allow him to do so even though this case comes perilously close to being frivolous. Certainly, the claims Mr. Haston raises involving the prison's non-medical personnel are without merit. We therefore AFFIRM the judgment of the district court.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3